**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0495n.06

**No. 11-5474**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **May 14, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| KENNETH LAPRADD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MOORE, GIBBONS, and ALARCÓN, Circuit Judges.[*]

ALARCÓN, Circuit Judge.   Kenneth LaPradd appeals from the district court's order denying his motion to suppress.  LaPradd was indicted on one count of knowing receipt of child pornography and one count of knowing possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and § 2252A(a)(5)(B).  In his motion to suppress, LaPradd alleged that the

---

[*]The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

officers lacked probable cause to arrest him and to seize incriminating evidence supporting his indictment for child pornography. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. For the reasons that follow, we affirm the district court's denial of LaPradd's motion to suppress.

I.

The following facts have been gleaned from the testimony presented at the suppression hearing held on September 21, 2010.

During the summer of 2009, Kenneth LaPradd used the public computers at the University of Louisville Art Library to look at images of nude minors. On August 6, 2009, several library patrons reported to Gail Gilbert, Director of the library, that LaPradd was viewing "awful" and "inappropriate" images. Gilbert reported LaPradd's activity to the University of Louisville Police Department ("ULPD"). The ULPD told her to inform them if LaPradd returned. When LaPradd returned the following day, Gilbert called the ULPD. ULPD Officers Danny Willoughby, David James, and Jacklyn Cohn went to the library to investigate Gilbert's report.

The officers observed LaPradd through a window as he viewed what appeared to be images of nude children. They entered the library, approached LaPradd, explained to him why they were

there, and asked him to step outside to talk. LaPradd followed Officer James and Officer Willoughby to the hallway voluntarily. There, he waived his *Miranda* rights before answering any questions. Officer Cohn remained at the computer terminal to review the images LaPradd had been viewing.

Officer James asked LaPradd whether he had been viewing and downloading child pornography on the computer and if he had a flash drive containing child pornography. LaPradd answered, "Yes," to both questions and added that "some photographers would argue that it's not child pornography."

Officer Cohn joined Officer James and Officer Willoughby in the hallway. She told them that she had looked at LaPradd's computer screen and observed images of nude or partially nude minors and their genitalia. She did not recall at the time of the suppression hearing whether the images depicted children engaged in sexual acts.

The officers arrested LaPradd for violating Kentucky Revised Statute § 531.335 and seized the library computer that LaPradd had been using and the flash drive he had inserted in the computer. Kentucky Revised Statute § 531.335 provides as follows:

(1) A person is guilty of possession of matter portraying a sexual performance by a minor when, having knowledge of its content, character, and that the sexual performance is by a minor, he or she knowingly has in his or her possession or control any matter which visually depicts an actual sexual performance by a minor person.[1]

(2) Possession of matter portraying a sexual performance by a minor is a Class D felony.

Following his arrest, LaPradd signed a form waiving his *Miranda* rights. LaPradd told Detective Jeffrey Jewell that he had been using the library computer to research "photographers who have . . . particular expertise in nude photography of children" and to "visit[] several websites," however, he had "difficulty recalling specific sites." He stated further that he had pictures and

---

[1]"'Sexual performance' means any performance or part thereof which includes sexual conduct by a minor." Kentucky Revised Statute § 531.300(6). "Sexual conduct by a minor" includes:

(a) Acts of masturbation, homosexuality, lesbianism, beastiality [sic], sexual intercourse, or deviant sexual intercourse, actual or simulated;
(b) Physical contact with, or willful or intentional exhibition of the genitals;
(c) Flagellation or excretion for the purpose of sexual stimulation or gratification; or
(d) The exposure, in an obscene manner, of the unclothed or apparently unclothed human male or female genitals, pubic area or buttocks, or the female breast, whether or not subsequently obscured by a mark placed thereon, or otherwise altered, in any resulting motion picture, photograph or other visual representation, exclusive of exposure portrayed in matter of a private, family nature not intended for distribution outside the family.

*Id.* § 531.300(4).

images at his apartment "of children both nude or partially nude" and of children "engaged in sexual acts."

LaPradd signed a consent form authorizing the officers to search his apartment and conduct a forensic analysis of any digital items found there. Detective Jewell also obtained a search warrant to search LaPradd's apartment and to conduct the forensic analysis. The search revealed numerous photographs and images of nude and partially nude minors engaged in sexual acts.

LaPradd was indicted for knowingly possessing and receiving child pornography. LaPradd moved to suppress the evidence seized at the library, the inculpatory statements he made to Detective Jewell at the ULPD station following his arrest, and the evidence seized at his residence. The district court denied LaPradd's motion to suppress. It found that LaPradd was not seized before he was advised of his *Miranda* rights, and that he confessed that he had been viewing child pornography in the library and had images of child pornography on his flash drive. It also held that LaPradd's statements provided the officers with probable cause to arrest LaPradd and seize evidence at the library.

In entering his guilty plea, LaPradd reserved his right to appeal the denial of his motion to suppress. The district court sentenced LaPradd to 235 months imprisonment, followed by a life-term of supervised release.

On April 22, 2011, LaPradd filed a timely notice of appeal, challenging the district court's denial of his motion to suppress.

II.

LaPradd contends that, because the Government failed to present evidence at the suppression hearing that the images he viewed, downloaded, and possessed constituted child pornography under Kentucky or federal law,[2] the officers lacked probable cause to arrest him on child pornography

---

[2]Child pornography is defined by federal statute as

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)(A). "Sexually explicit conduct" includes "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(B)(iii).

charges.  He contends that the district court thus erred in denying his motion to suppress evidence found on his flash drive and on the library computer.

"When reviewing the district court's decision regarding a motion to suppress, we review its factual findings for clear error and its legal conclusions *de novo*."  *United States v. Campbell*, 549 F.3d 364, 370 (6th Cir. 2008).  We review also a district court's finding of probable cause *de novo*. *United States v. Kincaide*, 145 F.3d 771, 779 (6th Cir. 1998).  "When a district court has denied a motion to suppress, we consider the evidence in the light most favorable to the government." *United States v. Long*, 464 F.3d 569, 572 (6th Cir. 2006).  "[A] denial of a motion to suppress will be affirmed on appeal if the district court's conclusion can be justified for any reason." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994).

The burden for a probable cause determination does not reach the same level as is necessary to prove guilt of a crime beyond a reasonable doubt.  *See United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc) (probable cause requires only "reasonable grounds for belief," not proof beyond a reasonable doubt).  Probable cause exists if the arresting officer has available facts and evidence that "would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Beck v. Ohio*, 379 U.S. 89, 96 (1964) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

The facts and evidence within the officers' knowledge were sufficient to lead them reasonably to believe that LaPradd committed a crime involving child pornography before he was arrested. LaPradd agreed to follow the officers to the hallway of the public library. *See Florida v. Royer*, 460 U.S. 491, 497 (1983) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen . . . ."). LaPradd waived his *Miranda* rights and admitted that he had been viewing and downloading child pornography on the library computer and had child pornography stored on his flash drive. LaPradd's voluntary, self-incriminating statement established probable cause for his arrest on child pornography charges. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Once [David Rawlings] admitted ownership of the sizable quantity of drugs found in [Vanessa] Cox's purse, the police clearly had probable cause to place [Rawlings] under arrest."). Because the facts as initially discovered provided probable cause, the officers were not obligated to investigate further to determine whether the images on the computer screen did in fact constitute child pornography or whether other evidence would negate their probable cause determination. *Klein v. Long*, 275 F.3d 544, 551-52 (6th Cir. 2001).

The record also shows that, before arresting LaPradd, the officers were informed that he was at the library looking at "awful" and "inappropriate" images. Officer Cohn observed images of "what appeared to be minors nude or partially nude" with their genitalia exposed. The totality of these circumstances corroborated the officers' reliance on LaPradd's voluntary confession as the basis of their probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 230 (1983) (holding that probable cause determinations should be made in light of the totality of the circumstances).

Viewing the evidence in the light most favorable to the Government, the district court did not err in concluding that the arresting officers had probable cause to arrest LaPradd and seize the incriminating evidence found in the library. The officers had sufficient evidence to "'warrant a man of reasonable caution in the belief' that an offense has been committed." *Beck*, 379 U.S. at 96 (quoting *Carroll*, 267 U.S. at 162).

### III.

LaPradd contends that his post-arrest statements to Detective Jewell at the ULPD station and the evidence discovered at his residence should have been suppressed as fruits of the poisonous tree because the officers lacked probable cause to arrest him. "The exclusionary [rule] extends as well to the indirect as the direct products of [unconstitutional] invasions." *Wong Sun v. United States*,

371 U.S. 471, 484 (1963). "[T]he 'fruit of the poisonous tree' doctrine . . . bars the admissibility of evidence which police derivatively obtain from an *unconstitutional* search or seizure." *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (emphasis added) (citing *Wong Sun*, 371 U.S. at 484-85).

LaPradd's post-arrest statements and the evidence seized at his residence were not the "fruits" of an unconstitutional arrest. As discussed above, the record shows that LaPradd "'voluntarily, knowingly, and intelligently'" signed a waiver of his *Miranda* rights at the ULPD station before he made inculpatory statements to Detective Jewell. *Daoud v. Davis*, 618 F.3d 525, 529 (6th Cir. 2010) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). He signed a consent to the search of his residence and to the forensic analysis of any digital items removed from his residence. "The Fourth Amendment permits a search without a warrant if valid consent to search is given." *United States v. Lucas*, 640 F.3d 168, 174 (6th Cir. 2011).

Accordingly, we conclude that the district court did not err in denying LaPradd's motion to suppress his post-arrest inculpatory statements and the incriminating evidence seized at the library and at his residence.

IV.


For the foregoing reasons, we affirm the district court's denial of the motion to suppress.