**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1960
_____

TERRENCE R. YOAST,
Appellant

v.

POTTSTOWN BOROUGH; OFFICER ANTHONY FISCHER, INDIVIDUAL AND
OFFICIAL CAPACITY; OFFICER JOHN SCHMALBACH, INDIVIDUAL AND
OFFICIAL CAPACITY; CORPORAL JAMIE O'NEILL, INDIVIDUAL AND
OFFICIAL CAPACITY; SERGEANT MICHAEL PONTO, INDIVIDUAL AND
OFFICIAL CAPACITY; OFFICER JACOB MARTIN, INDIVIDUAL AND OFFICIAL
CAPACITY; T.J. CASCIO; OFFICER JEFFREY PORTOCK, INDIVIDUAL AND
OFFICIAL CAPACITY; OFFICER BRETT CORTIS, INDIVIDUAL AND OFFICIAL
CAPACITY; OFFICER CHAD HART, INDIVIDUAL AND OFFICIAL CAPACITY;
CHIEF RICHARD DRUMHELLER, INDIVIDUAL AND OFFICIAL CAPACITY;
OFFICER COREY PFISTER, INDIVIDUAL AND OFFICIAL CAPACITY;
CORPORAL MICHAEL LONG, INDIVIDUAL AND OFFICIAL CAPACITY;
MONTGOMERY COUNTY, PA d/b/d MCCF; JOHN DOE (#1); RYAN VANDORICK,
INDIVIDUAL AND OFFICIAL CAPACITY; TIMOTHY STEIN, INDIVIDUAL AND
OFFICIAL CAPACITY; APHRODITE HUSSAIN; MANJEET SINGH; CATHERINE
HALLINGER; LEON SMITH; ANTHONY HOCH; PRIMECARE MEDICAL INC;
JUSTIN O'DONOGHUE ESQ., INDIVIDUALLY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00720)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2023
Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: July 10, 2023)

_____

OPINION[*]

_____

**PER CURIAM**

Terrance Yoast appeals the District Court's orders dismissing several of his claims and granting motions for summary judgment. For the reasons that follow, we will affirm the District Court's orders.

The procedural history of this case and the details of Yoast's claims are well known to the parties, set forth in the District Court's memorandum opinions, and need not be discussed at length. Briefly, Yoast, a landlord, was criminally charged several times as a result of his interactions with his tenant. On two occasions, he was given a citation for harassment.[1] After another interaction with his tenant, while Yoast was attempting to install a washing machine in the basement of the rental property, Yoast was arrested and charged with stalking and two counts of harassment. He was incarcerated for a few days on those charges. The stalking charge was withdrawn at the preliminary hearing, and he was later convicted on one count of harassment arising from that incident.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Yoast was later found not guilty of these charges.

2

A few days after making bail and being released from jail, Yoast returned to the rental property. Neighbors reported to police that Yoast angrily kicked the tenant's car several times, was screaming "motherf-cker," and rummaging through the garbage cans. The tenant called police as well and was described by police as visibly upset and in fear that Yoast would return.[2] Yoast was arrested for stalking and harassment and incarcerated for several days.[3] He was later convicted of the harassment charge but found not guilty of the stalking charge. During his brief incarcerations, he was not provided with a continuous positive airway pressure (CPAP) machine for his sleep apnea.

Yoast filed a lengthy civil right complaint raising numerous claims arising from his citations, arrests, and incarcerations. The District Court dismissed several claims and later granted summary judgment as to the remaining claims. Yoast filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[2] Because Yoast attached the affidavits of probable cause to the amended complaint and quoted extensively from them, we will consider them on appeal. See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 177 n.2 (3d Cir. 2000); see also Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

[3] The author of the affidavit of probable cause for the criminal complaint noted that the police had been called to the rental property 15 times in the prior months and that Yoast had been cited or arrested four times. The author also noted that the bail conditions from his prior arrest required that Yoast have no contact with the tenant.

<u>Motion to Dismiss</u>

We first address Yoast's arguments challenging the District Court's dismissal of several claims against the Pottstown Appellees in its February 3, 2020 order.[4] We review the District Court's order dismissing these claims de novo. <u>Dique v. N.J. State Police</u>, 603 F.3d 181, 188 (3d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

<u>Terry Stop</u>

Yoast alleged that while he was doing yardwork at the rental property, his tenant questioned him as to when he would be leaving and said he was not supposed to be there. After he told her to mind her business and called her a "bitch," the tenant called the police and asserted that Yoast was harassing her. Yoast alleged that after finishing his yardwork, he was installing a washing machine in the basement of the rental property when the police arrived. As Yoast was walking from his truck to the basement, Appellee

---

[4] On appeal, Yoast does not challenge the District Court's dismissal of claims against the other defendants, so we do not consider those rulings. <u>See</u> <u>In re Wettach</u>, 811 F.3d 99, 115 (3d Cir. 2016) (holding that appellants forfeited arguments by failing to develop them in their opening brief).

4

Officer Martin stopped and searched him. Yoast argued that the search was unreasonable under the Fourth Amendment.

In Terry v. Ohio, 392 U.S. 1, 30 (1968), the Supreme Court held that if a police officer reasonably concludes that criminal activity may be afoot and that the person may be armed and dangerous, the officer may stop the individual and conduct a brief investigation. If this initial questioning does not dispel the officer's fear for his own or other's safety, the officer may conduct a limited search of the person for a weapon. Id.

Yoast argues that there were no legitimate grounds to stop and search him. We disagree. Here, the police had been called to the property over ten times in the previous two months for numerous disturbances, and Yoast already had been charged twice with harassing the tenant. Yoast admitted that he called the tenant a "bitch" and a "bum" and that she called the police to report that Yoast was harassing her. Thus, Officer Martin not only had reasonable suspicion to believe that criminal activity was afoot but also probable cause that Yoast was continuing to commit acts that served no purpose with the intent to harass, annoy, or alarm the tenant. See 18 Pa. C.S.A. § 2709(a)(3) (describing elements of harassment); Wright v. City of Philadelphia, 409 F.3d 595, 603 (3d Cir. 2005) (observing that probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence). In fact, Yoast was convicted on this charge of harassment. Thus, the investigatory stop was justified.

Because Officer Martin had probable cause to arrest Yoast for harassment and could have searched him incident to an arrest, we need not determine whether he had reasonable suspicion that Yoast was armed and dangerous. See Arizona v. Johnson, 555 U.S. 323, 326–27 (2009) (noting that "to proceed from a stop to a frisk, the police officer must reasonably suspect that the person stopped is armed and dangerous"); cf. United States v. Burnside, 588 F.3d 511, 518 (7th Cir. 2009)(declining to reach argument that officers exceeded the limits of a Terry stop because they had probable cause to arrest the defendant); United States v. Long, 464 F.3d 569, 575 (6th Cir. 2006) (declining to reach argument that handcuffing was not appropriate during a Terry stop because there was probable cause to arrest). The District Court did not err in dismissing this claim.

In all other respects, we will affirm the District Court's February 3, 2020 order for essentially the reasons given by the District Court. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated);[5] United States v. Correa, 653 F.3d 187, 191 (3d Cir. 2011) (holding that "a resident lacks an objectively

---

[5] Yoast argues that the Supreme Court in Wallace v. Kato, 549 U.S. 384 (2007), held that false arrest claims can never be barred by Heck. He is incorrect. The Court in Wallace determined that the statute of limitations began to run for Wallace's false arrest claims when Wallace was arraigned and held pursuant to legal process. Id. at 397. It rejected Wallace's arguments that his claim did not accrue until his conviction was vacated because the claim would have been barred by Heck. The Court noted that a defendant could file a false-arrest claim before he was convicted and the matter could be stayed pending the resolution of the criminal proceedings. The Court explained that "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal." Id. at 394.

reasonable expectation of privacy in the common areas of a multi-unit apartment building with a locked exterior door."); Startzell v. City of Phila., 533 F.3d 183, 204 n.14 (3d Cir. 2008) (noting that establishing probable cause on one of multiple charges will defeat a claim of false arrest); DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (finding no seizure significant enough to support malicious prosecution claim where plaintiffs "were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services.").

Motions for Summary Judgment

We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to Yoast as the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As noted earlier, Yoast was not provided with a CPAP machine during his brief incarcerations. On appeal, Yoast argues only that Appellees Montgomery County and Primecare Medical violated his 8th and 14th Amendment rights because they failed to adopt a policy requiring that the jail have a CPAP machine immediately available. To state a claim against a county jail system or private medical provider under contract with a county jail system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d

7

575, 583–84 (3d Cir. 2003); <u>Palakovic v. Wetzel</u>, 854 F.3d 209, 232 (3d Cir. 2017) (same).

In granting the motions for summary judgment, the District Court concluded that Yoast had not provided evidence that his failure to receive a CPAP machine was due to Appellees' policies and not the qualified decisions of the medical staff. The District Court noted that a certified registered nurse practitioner (CRNP) who had evaluated Yoast had the authority to order a CPAP machine but had decided not to and that if Yoast had been able to have his own machine delivered to the facility, the CRNP would have requested that it be cleared by the security department. On appeal, Yoast does not dispute these policies or that the CRNP used her medical judgment to decline to order a CPAP for Yoast.

Yoast points to the statement of the CEO of Primecare Medical that there is no specific policy regarding CPAP machines as proof that Primecare Medical failed to have a policy addressing the needs of detainees with sleep apnea. However, he points to no caselaw requiring providers to have detailed policies to address specific medical conditions.

Yoast appears to argue that Pennsylvania's administrative code requires that county jails must keep medical devices such as CPAP machines in their "inventory." The section of the code he quotes states that "[w]ritten local policy must provide that medical and dental instruments, equipment and supplies be controlled and inventoried." 37 Pa.

Code § 95.232(11).  We see nothing in this regulation that requires jails to keep medical devices in their inventory, just that any such devices must be inventoried, i.e., cataloged. See The Merriam–Webster Dictionary, Inventory (verb), https://www.merriam-webster.com/dictionary/inventory (last visited May 23, 2023).  Accepting Yoast's interpretation of this regulation would require that a jail keep any medical device an inmate might possibly need at hand.  We reject such an argument.

The District Court did not err in granting Appellees' motions for summary judgment.

Conclusion

For the above reasons, we will affirm the District Court's orders.[6]  Yoast's motion to exceed the word count limitations is granted in this instance only.  Yoast's motion to supplement his brief is granted.

---

[6] We have also considered the other arguments that Yoast makes in his brief and conclude that they are without merit.