NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0417n.06

Case No. 23-6087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 09, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| DONNELL BOOKER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

**SILER, Circuit Judge.** A jury convicted Donnell Booker of possessing 32 grams of fentanyl with intent to distribute. It also failed to agree on the three companion counts. Nine months later, and two weeks before the scheduled retrial on those counts, Booker asked the district court to reconsider its pretrial suppression ruling that had upheld a warrant to search his new home on Banister Drive. The court denied reconsideration and then sentenced Booker only on the fentanyl count, sustaining his objection to any drug quantities tied to the mistried counts and imposing a career-offender-guided sentence of 192 months. On the government's motion, the court dismissed the remaining counts with prejudice and entered judgment. Booker appeals the judgment and sentence. For the reasons below, we affirm the district court's judgment.

**I.**

A vetted confidential source told agents in May 2018 that Booker—a recently paroled Rolling 40 Crips member—was moving kilogram quantities of heroin and had $52,000 in cash at

his Merganser Drive home. Surveillance confirmed that a black Dodge Ram registered to Booker's wife, Vanessa, was parked there.

On August 22, Nashville police officers stopped Jennifer Tucker and found two kilograms of heroin in her SUV. Tucker said she was on her way to deliver the heroin to a man whom she identified as Booker from a six-photo array. She said she had delivered kilos of heroin to him "about every other week" since January, and that he always arrived in a black Dodge Ram driven by his wife. video from August 22 showed Booker and his wife loading household goods into the Ram at the Merganser address. Utility records also revealed that Vanessa had started electric service at 777 Banister Drive and had scheduled shut-off at the Merganser address for August 27. On August 23, agents saw Vanessa arrive at the Banister address, open the garage door, and drive the Ram inside.

Officers then secured warrants to search both addresses. They executed the Banister Drive warrant and recovered 32 grams of fentanyl, $48,000 in cash, a hydraulic press, and a drug ledger. They also found information that led them to seize additional drugs and a firearm from a storage unit rented in Vanessa's name. A federal grand jury charged Booker with a drug conspiracy, two counts of possessing drugs with intent to distribute, and one count of being a felon in possession of a firearm. Booker filed multiple motions to suppress that, as relevant here, unsuccessfully challenged the warrant to search the Banister address. The jury later convicted Booker on the fentanyl count but hung on the other counts. district court declared a mistrial and scheduled a new trial.

In August 2023, Booker moved to reconsider the 2020 order that had upheld the warrant to search the Banister residence. The district court denied the motion, finding no new evidence, no change in law, and no manifest injustice. Then, on the government's motion, the court

sentenced Booker on the one count of conviction. The court adopted a base offense level of 24 (after excluding the dismissed-count quantities), applied the career-offender table (total level 34, criminal-history VI), and varied down to impose a prison sentence of 192 months. Before entry of judgment, the government dismissed the mis-tried counts. Booker timely appealed.

## II.

### A.

Booker argues that the district court erred when it denied his motion to reconsider his challenge to the warrant to search the Banister residence. In that motion, Booker asked the court to vacate the prior order and grant his original motion to suppress all evidence obtained as a result of the search. We review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Long*, 464 F.3d 569, 572 (6th Cir. 2006).

As an initial matter, the government contends that this challenge is moot because it is impossible to grant any relief. But Booker's appeal is from the subsequently entered judgment—not the order denying reconsideration—so he can challenge his conviction on the grounds that evidence admitted at trial should have been suppressed. *See, e.g.*, *United States v. Ibarra*, 502 U.S. 1, 6-7 (1991); *United States v. Ramamoorthy*, 949 F.3d 955, 962 (6th Cir. 2020). Nor has Booker forfeited this challenge where his motion for reconsideration renewed an argument made in the initial motion to suppress.

Booker contends that the affidavit did not establish probable cause to believe that the evidence sought would be found in the Banister residence. But the district court did not make a probable-cause determination—concluding instead that the good-faith exception applied. *See United States v. Leon*, 468 U.S. 897, 923 (1984). The exception to the exclusionary rule applies when, as relevant here, if the affidavit was not "so lacking in indicia of probable cause" as to make

an officer's "belief in its existence entirely unreasonable." *Id.* The affidavit here was not so lacking: it included information that linked Booker to kilogram-level distribution of heroin, to the black Dodge Ram registered to and driven by his wife, and to a large amount of cash kept by him in his Merganser home. It also said that the Ram was used by Booker and his wife to move household items and that they changed utility service from the home on Merganser to the one on Banister. At a minimum, the officers' reliance on the issued warrant was objectively reasonable under *Leon*, 468 U.S. at 923. The district court did not err.

**B.**

Booker appeals his sentence, arguing that the court "relied on dismissed conduct" to inflate his guidelines range. The record says otherwise. The court sustained Booker's objection, excluded the hung-count drug weights, and set the range under the career-offender guideline alone. Once the career-offender table controls, the underlying drug weights become irrelevant. *United States v. Pritchett*, 496 F.3d 537, 546 (6th Cir. 2007). The recalculation therefore removed every trace of the dismissed counts, eliminating any procedural error.

Procedurally, the district court followed the script: it adopted uncontested facts, calculated the range correctly, and addressed the § 3553(a) factors. *See United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020). Substantively, the court varied 70 months below the bottom of the guidelines range—a sentence we presume reasonable. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). Booker offers no factor the court ignored. Thus, the 192-month sentence is procedurally sound and substantively sensible.

AFFIRMED.