NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0074n.06

Case No. 21-1452

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED** Feb 14, 2022 DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEONTAE BRIGGS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: McKEAGUE, STRANCH, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. In this appeal, Deontae Briggs asks us to vacate the 46-month sentence imposed on him by the district court. He argues that the district court's consideration of his mental and emotional health issues and learning disability was unreasonable and that the sentence it imposed was too long. We disagree and affirm.

I.

Briggs pleaded guilty, without a plea agreement, to a single count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). His indictment came after he fled from police during a traffic stop in Muskegon County, Michigan. As he ran from police, his firearm accidentally discharged, and a pistol was retrieved from his flight path. The firearm was homemade and unregistered, so police could not determine its origins. But they also found an extended magazine loaded with thirty-one nine-millimeter rounds of ammunition, a second magazine loaded with fifteen nine-millimeter rounds of ammunition, and one nine-millimeter casing on his flight path. Briggs admitted that the ammunition was manufactured outside Michigan

and that he had been convicted of at least one felony punishable by more than one year. And after reviewing the presentence investigation report, he did not object to the 46- to 57-month guidelines range calculated therein.

Before sentencing, Briggs filed a sentencing memorandum and moved for a downward departure or variance. Both filings focused on his attention deficit hyperactivity disorder and bipolar disorder diagnoses, his mild cognitive impairment, and the negative emotional consequences of his mother's incarceration during his teen years. His argument for a downward departure relied on two policy statements: USSG § 5H1.3, which explains that when a defendant suffers from mental and emotional conditions, "a downward departure may be appropriate to accomplish a specific treatment purpose," and USSG § 5K2.13, which allows for a downward departure when a defendant suffered from "significantly reduced mental capacity" while committing the offense and that reduced capacity "contributed substantially to the commission of the offense." He also argued that his history and characteristics mitigate both his own responsibility for, and the seriousness of, his crime. In his view, the guidelines "fail[ed] to adequately account for the individualized assessment required in [his] specific and unique circumstances[.]"

During his sentencing hearing, the district court acknowledged Briggs's diagnoses but expressed skepticism that they "present[ed] to an unusual degree or distinguish[ed] this case from others covered by the guidelines." It also determined that there was "evidence to the contrary" of Briggs's claim that "his mental status affected or contributed substantially to the commission of the offense." Accordingly, it denied his motion for a downward departure or variance.

The district court then chose a sentence that was "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2). It paid particular attention to the serious dangers presented by his possession, and the accidental discharge, of the firearm. It also factored

in his past criminal conduct, his failure to comply with court orders, and his need for evaluation and treatment for the above-mentioned mental- and emotional-health issues. Ultimately, the district court sentenced him to 46 months' imprisonment, the bottom of his guidelines range. He timely filed this appeal.

## II.

On appeal Briggs challenges his sentence as both procedurally and substantively unreasonable. A sentence is procedurally reasonable when the sentencing court properly considered the sentencing factors of § 3553(a) and explained the sentence it imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Substantive reasonableness concerns "whether the sentencing court gave reasonable *weight* to each relevant factor." *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). This inquiry, at bottom, addresses "a claim that a sentence is too long[.]" *Rayyan*, 885 F.3d at 442.

Briggs first says the district court erred because, although it considered his mental health and learning disability in denying his motion for a downward variance or departure, it "did not appear to give [those issues] separate consideration" in weighing the sentencing factors. We agree with the government that he is claiming procedural unreasonableness. He failed to raise an objection on these grounds below, so we review for plain error. *See United States v. Clancy*, 979 F.3d 1135, 1140 (6th Cir. 2020) (citation omitted). That means Briggs must show that a "clear or obvious" error affected his "substantial rights" and "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

We see no plain error here. When the district court denied his motion for a downward variance or departure and when it determined his sentence, it considered Briggs's mental and emotional health and learning disability. So his real gripe is that the district court did not spend as

much time discussing those issues when it weighed the sentencing factors as it did when it denied his motion. But the record makes clear that throughout the hearing, the district court considered "all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645–46 (6th Cir. 2010) (citing *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006)). In fact, everyone involved agreed that his mental and emotional health issues and learning disability were relevant to both his motion *and* the § 3553(a) factors. *See* Sentencing Hearing Tr., R. 50, PageID 266. The district court committed no plain procedural error in the way it considered Briggs's arguments.

Briggs next argues that his sentence was substantively unreasonable because it was greater than necessary to comply with the purposes of § 3553(a)(2). We review his sentence for abuse of discretion, and our starting point is the rebuttable presumption that Briggs's within-guidelines sentence is substantively reasonable. *See United States v. Smith*, 749 F.3d 465, 483–84 (6th Cir. 2014) (citations omitted). The burden to rebut that presumption rests on Briggs. *United States v. Walls*, 546 F.3d 728, 737 (6th Cir. 2008). He has not done so here.

Briggs's argument stresses his bipolar disorder and a learning disability. But he identifies no place in the record where the district court afforded insufficient weight to either issue. Nor could he. The record shows that the district court fully considered Briggs's mental health and capacity, along with the other relevant factors. In doing so, it engaged in an exercise of "reasoned discretion, not math," and our review of its balancing is "highly deferential." *Rayyan*, 885 F.3d at 442. Because "[w]e have no warrant to reweigh the § 3553(a) factors ourselves[,]" *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018), we decline his request to second guess the district court's balancing of his psychological and cognitive impairments with the seriousness of his offense and his criminal history.

## III.

The district court committed no procedural or substantive error in fashioning Briggs's sentence.  We affirm.