NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0447n.06

Case No. 22-5809

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED

Oct 16, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TRU BOOKER, | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; CLAY and LARSEN, Circuit Judges.

SUTTON, Chief Judge. Officers found Tru Booker at the scene of a car accident and smelled marijuana coming from the trunk of his car. They searched the car and discovered a bag with large amounts of drugs and cash alongside a loaded handgun. A jury convicted Booker on drug and firearm charges, and the district court imposed a 225-month sentence. Seeing no error, we affirm.

I.

On July 28, 2019, police officers responded to a traffic accident and found Booker standing beside his vehicle. The first officer on the scene reported a "strong odor" of marijuana emanating from "two distinct locations"—Booker himself and the trunk of Booker's car. R.125 at 27–29. A second officer confirmed the smell of marijuana. Booker admitted to the officers that he had

smoked marijuana earlier that day. The officers searched Booker and found marijuana residue in his right pocket and a large amount of money in his left.

In addition to the smell of marijuana emanating from Booker's trunk, upon approaching Booker's car, an officer observed more marijuana residue on the passenger seat, floorboard, and gear shifter. Police searched the car, finding a digital scale in the center console and marijuana residue throughout. In the trunk, they found a black gym bag containing a loaded handgun, two extended magazines, 211.5 grams of marijuana, 195 pills containing methamphetamine, plastic bags, a cell phone, and over a thousand dollars in cash.

The officers arrested Booker. He acknowledged that the handgun and marijuana were his and that he carried the gun for protection while selling drugs. A search of Booker's multiple cell phones revealed recent discussions about drug sales and the use of firearms.

A grand jury indicted Booker for using a firearm in relation to a drug trafficking crime (for an incident three weeks before his arrest), possession with intent to distribute, possession of a firearm as an unlawful user of a controlled substance, and knowing possession of a firearm "in furtherance of" a drug-trafficking crime. Booker filed a motion to suppress the evidence obtained from the search of his car, which the court denied. At the close of the government's case, Booker moved for acquittal based on insufficient evidence as to all counts, which the court also denied.

The jury found Booker guilty on all counts. The district court judge sentenced him to 225 months, a downward variance from the recommended Guidelines range.

## II.

Booker raises three challenges to his conviction and sentence.

*Suppression.* Booker claims the officers lacked probable cause to search his car, requiring suppression of the evidence found in it. In reviewing a denied suppression motion, we construe

the evidence in the light most favorable to the government. *United States v. Pyles*, 904 F.3d 422, 425 (6th Cir. 2018).

The Fourth Amendment protects against "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Amendment's protections extend to car searches. *United States v. Brooks*, 987 F.3d 593, 599 (6th Cir. 2021). In that context, officers may search a car and the containers within the car without a warrant as long as they have probable cause to believe each contains evidence of a crime. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *United States v. Ross*, 456 U.S. 798, 800 (1982).

The government established probable cause. Police noticed the smell of marijuana "coming from the trunk of the vehicle," R.125 at 28, and saw marijuana residue on the floorboard, gear shifter, passenger's seat, and "throughout the vehicle," *id.* at 30. By itself, the smell of marijuana emanating from a vehicle provides probable cause for a search. *See Brooks*, 987 F.3d at 600. So too with marijuana residue "in plain view." *United States v. Burnett*, 791 F.2d 64, 67 (6th Cir. 1986).

Booker counters that it is "improbable" that the officers could smell marijuana enclosed in a bag in the trunk of his car; the smell likely came from Booker himself and thus was simply "in the air." Appellant's Br. 23. Uncontradicted testimony says otherwise. An officer testified that he smelled marijuana from "two distinct locations," and he noticed the "strong odor of marijuana" coming from the trunk. R.125 at 28. The district court could fairly credit that testimony and thus did not err in denying the motion to suppress.

*Sufficiency of the evidence.* Booker claims that the evidence fails to show that he possessed a firearm "in furtherance of" a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). A sufficiency of the evidence claim requires us to "view[] the evidence in the light most favorable to the

prosecution" and probe whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The statute penalizes the knowing possession of a firearm "in furtherance of" a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). A defendant violates this law when he possesses a firearm "to aid drug trafficking." *United States v. Maya*, 966 F.3d 493, 500 (6th Cir. 2020). In this instance, police seized a loaded handgun and two extended magazines from a bag also containing large amounts of drugs, baggies, a cell phone, and over a thousand dollars in cash. Booker told police he sold drugs and that he carried a gun while dealing drugs to protect himself. And an expert testified at trial that firearms are "a tool of the [drug] trade." *Id.* at 169. This adequately supports the jury's finding that Booker used this firearm "in furtherance of" his drug-trafficking crimes. 18 U.S.C. § 924(c)(1)(A); *see United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001).

*United States v. Ray* does not alter this conclusion. 803 F.3d 244 (6th Cir. 2015). Officers found an unloaded shotgun propped behind a bedroom door, not far from small amounts of marijuana. *Id.* at 263–64. Even though the ammunition was in the same room, "the shotgun was not strategically located" or "prepared for use." *Id.* at 264. That evidence, we reasoned, did not suffice to show the shotgun's use "in furtherance of" a drug-trafficking crime. *Id.* But in marked contrast, this gun was loaded—with two extended magazines to spare—and stored alongside Booker's drug supply, ready for use if a drug deal went south. Booker had used a firearm for that precise reason just three weeks earlier.

Even so, Booker maintains that he carried the gun to protect himself, not the drugs. But § 924(c) does not require a firearm's use to protect the drugs, only its use "in furtherance of" the drug *crime*. That would include protecting the drug dealer. *See Maya*, 966 F.3d at 503; *United*

4

*States v. Kelsor*, 665 F.3d 684, 692 (6th Cir. 2011); *United States v. Thornton*, 609 F.3d 373, 381 (6th Cir. 2010).

*Substantive reasonableness.* Booker challenges his below-Guidelines sentence as substantively unreasonable, in essence claiming that his sentence was "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). In this "highly deferential review," we ask whether the court "placed too much weight" on some sentencing factors or "too little on others." *Id.*

No such error occurred. The district court walked through the appropriate factors and explained how they applied to Booker's case. The judge reasonably determined that, despite the "seriousness" of Booker's offenses, R.132 at 43, Booker warranted a below-Guidelines sentence due to his "mental health issues," "[lack of a] violent background," and "very difficult childhood circumstances," *id.* at 45.

Booker claims a further reduction is required—that the judge should have given more weight to his "difficult circumstances" as a child, his "nonviolent" criminal history, and his willingness to "admit[] what he did." Appellant's Br. 34. Yet the district court considered all of this, and it reasonably determined that Booker deserved a small downward variance from the Guidelines range but no more than that. That is not reversible error.

We affirm.