NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0469n.06

Case No. 23-3126

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 09, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RODNEY HARPER, | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; STRANCH and MATHIS, Circuit Judges.

SUTTON, Chief Judge. Rodney Harper pleaded guilty to being a felon in possession of a firearm. The Sentencing Guidelines recommended a sentence of 33 to 41 months. The district court sentenced Harper to 60 months in prison. Harper challenges his sentence as substantively unreasonable. Because the district court did not abuse its discretion, we affirm.

I.

Rodney Harper parked his car and entered a residence that happened to be under surveillance by U.S. Marshals. After Harper entered the home, some Marshals entered it as well, apparently seeking to arrest Gianni Gray, a suspect in a double murder investigation. Before finding Gray, they saw Harper, who identified himself and surrendered. Harper had an outstanding arrest warrant and was on parole with the Ohio Adult Parole Authority. The Marshals eventually found Gray too, arrested him, and searched the home. The search uncovered several guns, two of

which contained Harper's DNA. After obtaining a warrant, they also searched Harper's car, where they found another gun containing Harper's DNA as well as cash and heroin. Harper pleaded guilty to being a felon in possession of a firearm based on the gun found in the car. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Sentencing Guidelines recommended a range of 33 to 41 months. The statutory maximum was ten years. *Id.* Harper reserved the right to appeal an above-Guidelines sentence.

The government sought an above-Guidelines sentence of 48 to 60 months due to Harper's extensive criminal history. The court acknowledged that the average sentence nationally for defendants with Harper's offense is 35 months. But the court did not consider Harper to be an average defendant, primarily due to his extensive criminal history, which included 34 adult convictions, several of which were too old to count under the Guidelines' scoring system. The court sentenced Harper to 60 months' imprisonment.

## II.

A sentence must be "sufficient, but not greater than necessary" to accomplish the goals of proportional punishment, deterrence, public safety, and rehabilitation. 18 U.S.C. § 3553(a); *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). The Sentencing Guidelines provide a useful starting point for sentencing, but courts "should not—in truth, may not—lash themselves to" them. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Rather, district courts "must independently apply the § 3553(a) factors to each defendant to determine an appropriate sentence." *Id.* When a district court varies from the Guidelines because it considers a case to be atypical, we owe that sentence "great[] respect." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007).

The district court adequately explained why Harper deserved an upward variance. A defendant's extensive criminal history, we have said, may justify an upward variance. *See United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020); *United States v. Johnson*, 934 F.3d 498, 499–501 (6th Cir. 2019). And that is especially so when a "relationship" exists between the types of crimes previously committed and the present offense. *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). The district court viewed Watkins' criminal record as atypically lengthy, serious, and similar to the current conviction. His "34 adult convictions" included "ten drug-related offenses, ten driving-related offenses, three violent offenses," and "at least three firearm-related offenses." R.44 at 13. The district court concluded that this history, including some convictions too old to be factored into the Guidelines range, warranted extra punishment. The court also cited Watkins' repeated parole violations and the danger he posed to the community as reasons for the sentence it imposed. All told, the court viewed a within-Guidelines sentence as "woefully inadequate to protect the public, reflect the seriousness of the offense, [and] improve the offender's conduct and condition." *Id.* at 18. That was not an abuse of discretion on this record.

Harper counters that the district court placed undue weight on his prior criminal convictions, which the Guidelines already accounted for through his criminal history points. But the fact that the Guidelines use criminal history as one input does not bar a district court from considering that factor at sentencing. *See, e.g.*, *United States v. Lanning*, 633 F.3d 469, 477–79 (6th Cir. 2011). A district court may "var[y] substantially upward" when it "conclude[s] that [the] [G]uidelines range d[oes] not adequately account for [the defendant's] criminal history." *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018). Nor can Harper plausibly maintain that he is a run-of-the-mill defendant, given the relationship between his prior crimes and the current crime, the reality that some of his prior crimes could not be included in his criminal history calculation

under the Guidelines, and the court's understandable concern that Harper's extensive ongoing criminal conduct made him a threat to public safety.

We affirm.