NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0025n.06

Case No. 23-1116

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED

Jan 19, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| MARLEN LAVERN STAFFORD, JR., | ) | MICHIGAN |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: SUTTON, Chief Judge; CLAY and BLOOMEKATZ, Circuit Judges.

SUTTON, Chief Judge. Marlen Stafford, Jr. escaped from the halfway house where he was completing a federal sentence for being a felon in possession of a firearm. Two months later, he stopped to eat at a fast-food restaurant. Officers were following him, and they used their patrol cars to block his vehicle's exit. Instead of surrendering, Stafford repeatedly rammed the police cruisers with his car then physically resisted the efforts of seven officers to subdue him. Once subdued, he received convictions for felony escape and felon in possession of a firearm. Stafford challenges the resulting 60-month sentence on procedural and substantive grounds. We affirm.

I.

Stafford is a thirty-one-year-old resident of Kalamazoo, Michigan, where he has resided his entire life. He experienced a "very chaotic childhood" during which he lived in multiple foster homes and juvenile residential programs. R.24 at 19. Besides the State, his primary caretakers

during his formative years were his grandmother and his uncle. Stafford's uncle has an extensive criminal background, as do both of his parents and his paternal grandfather.

Stafford has a number of prior convictions which involved physically challenging law enforcement authorities and trying to evade the police. His first adult conviction was for attempting to assault, resist, and obstruct police during a traffic stop. Between 2010 and 2014, he racked up six more sentences for identical and related offenses. As time progressed, his getaways became more creative and reckless. One escape involved leaping out a window. Another entailed draining his electronic monitoring device's battery to hide from his parole officer for months. On top of these incidents were escapes by car where he sped away with such fervor that law enforcement opted not to pursue him out of concern for public safety.

Today's conviction arises from another attempted escape as well as weapons possession. In 2020, Stafford pleaded guilty to being a felon in possession of a firearm. Toward the end of the sentence imposed for that conviction, the Bureau of Prisons transferred him to a residential treatment facility, which let him apply for weekend passes to visit family. On one such weekend, he left to see his sister. After a day there, however, she asked him to leave and told the authorities as much. Officials directed Stafford to return to the facility.

He did not return. Two months passed before a patrol tracked him down at a fast-food restaurant. The police positioned their cars to block him from escaping. Stafford rammed into both cruisers for two minutes, apparently trying to move them aside so that he could drive away. When that did not work, he sprinted from the scene as four officers tried to tackle him, injuring three in the process. Only after additional officers arrived did the police subdue him.

Once they handcuffed Stafford and placed him in the patrol car, the officers approached his vehicle. A pistol lay on his driver's side floorboard. It contained nine rounds of ammunition.

A two-count indictment charged Stafford with felony escape and being a felon in possession of a firearm. 18 U.S.C. §§ 751(a), 921(a), 922(g)(1), 924(a)(2). He pleaded guilty to both charges without a plea agreement. Stafford's advisory sentencing range was 37 to 46 months, and the court sentenced him to 60 months.

## II.

Stafford challenges the procedural and substantive reasonableness of his sentence. Because he did not raise any procedural challenges to his sentence when given the chance, plain-error review applies to that claim. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Abuse-of-discretion review applies to his substantive reasonableness claim. *United States v. Smith*, 516 F.3d 473, 476 (6th Cir. 2008).

*Procedural Reasonableness*. Stafford has not shown any obvious procedural mistake in his sentence. To err, the district court must miscalculate the guidelines range, incorrectly deem the guidelines mandatory, lean on clearly erroneous facts, fail to consider the § 3553(a) sentencing factors, or fail to explain the reasons for the sentence. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Nothing of the sort happened here. The district court accurately assessed the guidelines range, viewed the guidelines as advisory, relied on appropriate facts, and discussed each applicable § 3553(a) factor. On top of that, the court explained why the upward variance from the advisory range supported deterrence, punishment, respect for the law, public protection, and correctional "programming for anger management, because [Stafford] seems to not be able to control himself in situations where law enforcement is in the area." R.36 at 23.

Stafford counters that the district court did not adequately explain why it imposed a 14-month increase over the advisory guidelines range. Yet we do not require district courts to state why they chose a certain sentence instead of another—to the degree of granularity, say, of 60

instead of 55 months. *See United States v. Sexton*, 889 F.3d 262, 266 (6th Cir. 2018); *see also United States v. Petrus*, 588 F.3d 347, 355 (6th Cir. 2009) ("[B]revity does not constitute reversible error."). We need only sufficient details to conduct meaningful review. *See United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). Here, the district court gave us plenty of evidence that it adequately considered the relevant statutory factors and had ample reasons for varying upward. *See id.* The district court fully addressed Stafford's extensive criminal history of related escape and firearms convictions and why he deserved a five-year sentence in this instance. As the court explained, Stafford's instant felon-in-possession offense occurred just a short time after his prior felon-in-possession conviction. And while resisting arrest, he battled and bruised multiple police officers, causing them to write that he "endangered the lives of each one of us." R.36 at 15. Having put officers and other members of the public at risk, the court was concerned that he would do so again in the future. Nothing procedurally amiss, plain or otherwise, occurred.

*Substantive Reasonableness*. Stafford also contests the length of his sentence, claiming it is "too long." *Rayyan*, 885 F.3d at 442. Weighing the § 3553(a) factors and deciding whether to accept the advisory guidelines range in a given case turns on experience-driven judgment, not math. *See United States v. Woolridge*, 64 F.4th 757, 762–63 (6th Cir. 2023). A court may vary up or down from the guidelines recommendation when the facts and circumstances of a given crime and defendant warrant it. 18 U.S.C. § 3553(b)(1); *see, e.g.*, *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018). In this instance, the district court reasonably determined that Stafford deserved a five-year sentence given his recidivism and the threat he posed to public safety. Beyond the crimes incorporated into the guidelines computations, the district court contemplated his unpursued flights from police, his recalcitrance, and his pattern of resisting arrest in dangerous ways.

Stafford submits that his sentence is too long because the guidelines range already accounted for his extensive history of related crimes, making any upward variance unfair and unjustified. But he overlooks the reality that the guidelines range is advisory, which is why district courts receive considerable discretion in the first instance in deciding whether to vary up or down from the proposed range. *See Rayyan*, 885 F.3d at 442. If the advisory range does not "capture[] the seriousness of th[e] offense, the profile of the man who committed it, and the various purposes of sentencing," R.36 at 22, as the district court permissibly concluded, the court may vary upward. No abuse of discretion occurred.

We affirm.