NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0477n.06

Case No. 24-5156

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**FILED**

Dec 03, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| BRAYAN BROOK-ESCALANTE, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
|  | ) | O P I N I O N |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges

**NALBANDIAN, Circuit Judge.** Brayan Brook-Escalante pleaded guilty to illegally reentering the United States after having been convicted of a felony. At sentencing, the district judge considered the aggravating and mitigating evidence, particularly his lengthy criminal history. Still, the judge imposed a within-Guidelines sentence. Now, Brook-Escalante argues that the judge should have departed downward because his criminal-history category overrepresented his past crimes and that the judge did not respond to his non-frivolous arguments. For both reasons, he claims his sentence is substantively unreasonable. We disagree. The judge thoroughly weighed the 18 U.S.C. § 3553(a) factors and Brook-Escalante's individual circumstances. Because Brook-Escalante has not overcome the presumption of reasonableness, we AFFIRM.

**I.**

Brayan Brook-Escalante has been deported three times from the United States. On September 4, 2023, Lexington police arrested him for an unrelated state offense. Afterward, he gave a sworn statement admitting that he was a citizen of Honduras, that he did not have United States citizenship, and that he had again entered the United States without permission. So he was indicted on one count of illegal reentry by a previously deported felon, in violation of 8 U.S.C. § 1326(a).

He pleaded guilty to the charge before a magistrate judge, who recommended that the district court accept the guilty plea.[1] At sentencing, neither the government nor counsel objected to the advisory-Guidelines range, and both argued for a within-Guidelines sentence. The government justified its recommendation by pointing to Brook-Escalante's lengthy criminal history, which has progressed steadily since 2015. Aside from his repeat offenses for illegal reentry, he has repeat arrests for public intoxication, driving without a license and other moving violations, criminal trespass, and more. According to the government, there were "absolutely no mitigating factors in this case that warrant his sentence being reduced or on the lower end of the guidelines." R.35, Sentencing Transcript, p.9–10, PageID 131–32.

Brook-Escalante countered. Because six of his eleven criminal history points came from illegal reentry, he argued that the government was "punishing him for the same conduct" twice— once for the substantive crime and a second time in the Guidelines calculation. *Id.* at 10, PageID 132. He argued that the judge should look to other circumstances leading to his illegal entry and grant a downward departure. For example, Honduras is an unsafe place and subject to extreme

---

[1] The district judge adopted the magistrate judge's report and recommendation and found Brook-Escalante guilty.

gang activity. He argued that he came to the United States "running from gang violence" because he was in "imminent fear [for] his life." *Id.* at 11, PageID 133. His mother also lives in the United States and has been ill. Though he has committed crimes while illegally present, he argued his familial circumstances motivated his repeated reentry; he was feeling the "responsibility of a son." *Id.* at 12, PageID 134. And he also explained to the court how he planned to end this cycle of illegal entry and deportation. He has talked to friends and family and he "believes that there is an opportunity once he's deported" to "immigrate to Mexico to try to avoid some of the violence in his home country." *Id.*

After Brook-Escalante's brief allocution, the court proceeded to sentencing. The advisory-Guidelines range was twenty-one to twenty-seven months' imprisonment based on his criminal-history category of V. The judge determined that a within-Guidelines sentence was appropriate. First, he looked at the seriousness of the crime. Brook-Escalante has repeatedly reentered the country and undermined this country's ability to "protect the integrity of [its] border." *Id.* at 15, PageID 137. Apparently, "simply sending [him] home [hasn't] sen[t] the message that we want to send," which encourages similar conduct by others. *Id.* at 16, PageID 138. This repeated illegal reentry was aggravated because he committed other crimes each time; he "ha[s]n't been able to stay out of trouble. That's the bottom line." *Id.* Brook-Escalante had repeatedly "taken advantage of our community by engaging in criminal conduct. . . . And that's why a significant period of incarceration will be required." *Id.*

The judge also recognized that illegal entry is often motivated by many factors. As here, "[i]t has to do with wanting to get away from the bad influences in Honduras[] and wanting to care for a family member here." *Id.* Still, just punishment was needed. The judge explained: "[Y]ou owe a debt to the United States." *Id.* at 17, PageID 139. Every time someone enters illegally, it

"harms our sovereignty"; "we're going to have you pay [that debt]" through a period of incarceration. *Id.* But once you pay, "you're done. You get to put it behind you" and move "forward with your life." *Id.* at 18, PageID 140.

The judge relied on arguments from both sides to learn more about Brook-Escalante's background. And he disagreed with the government's characterization that there were "no" mitigating factors. *Id.* Instead, the judge acknowledged that the violence in Honduras impacted his choices. Taking the long trip to the United States was in part based on "hope [for] a better opportunity in the United States," and to care for his mother. *Id.* In light of all this evidence the judge imposed a within-Guidelines sentence of twenty-four months' imprisonment with a three-year term of supervised release.

## II.

Brook-Escalante claims on appeal that his sentence is substantively unreasonable. Though the judge "did provide explanation regarding its opinion of the seriousness of this matter," Brook-Escalante claims that the judge "failed to address and analytically dismiss [his] plea for a downward variance." Appellant Br. at 11.[2]

We review claims of substantive unreasonableness for an abuse of discretion. *United States v. Reed*, 72 F.4th 174, 187 (6th Cir. 2023). In general, a sentence is substantively unreasonable if the district judge "arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable

---

[2] In a few places in Brook-Escalante's brief he refers to the district court's decision not to grant a downward departure by using "variance" and "departure" interchangeably. *E.g.*, Appellant Br. at 11. The distinction between these concepts is "subtle" and we have explained it elsewhere. *E.g.*, *United States v. Gates*, 48 F.4th 463, 471–72 (6th Cir. 2022). That said, it's clear based on the substance of his argument and his invocation of § 4A1.3(b)(1) of the Guidelines, that his argument concerns the district judge's decision not to *depart*. *Id.* (explaining that application of § 4A1.3 results in a departure). We address his claim accordingly.

amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012). Yet a within-Guidelines sentence, like the one here, bears a "presumption of reasonableness." *Id.* And though the presumption is rebuttable, the defendant bears a "heavy burden" to overcome it. *Id.*

Brook-Escalante first argues that the district judge should have granted a downward departure because his criminal history "substantially over-represents the seriousness of [his] criminal history." Appellant Br. at 10. The government suggests that Brook-Escalante never raised this issue at sentencing and so implies it is forfeited. Appellee Br. at 5. Admittedly, it isn't clear whether Brook-Escalante raised this exact issue before the district judge. But the discussion at sentencing about his criminal history was extensive, and the resolution of the question is straightforward, so we won't parse the record as narrowly as the government suggests.

Where "reliable information indicates" that the criminal-history category does not reflect the defendant's likelihood of recidivism, the district judge may depart from the Guidelines. U.S.S.G. § 4A1.3(b)(1). But the decision not to depart is generally not reviewable. *United States v. Clark*, 385 F.3d 609, 623 (6th Cir. 2004); *United States v. Burns*, 298 F.3d 523, 546 (6th Cir. 2002) (same); *United States v. Pickett*, 941 F.2d 411, 417–18 (6th Cir. 1991) (same). Only if the record suggests that the judge "incorrectly believed that [he] lacked any authority to consider defendant's mitigating circumstances [or] the discretion to deviate from the guidelines" will we review the decision not to depart. *Clark*, 385 F.3d at 623 (first alteration in original) (internal quotation marks omitted). Brook-Escalante does not argue that the judge believed he lacked authority, and instead claims only that the judge *should* have departed. Thus, this choice is unreviewable. *Id.*

In the alternative, Brook-Escalante argues that the judge did not respond to his substantive argument that a category V criminal history overrepresented the seriousness of his criminal history. R.35, Sentencing Transcript, p.10, PageID 132 ("So I would submit to the Court that in some way, it is punishing him for the same conduct in the guideline range that the United States is discussing at this time."). When the defendant raises non-frivolous arguments for a lower sentence the judge has an obligation to demonstrate that he "considered the defendant's argument" and, where relevant, explained "the basis for rejecting it." *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (internal quotation marks omitted). But the judge does not have a simultaneous obligation to "recite" the § 3553 factors or engage in a "ritual incantation of the factors." *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (internal quotation marks omitted). The judge must only "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 582–83 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Though the judge did not recite the magic words that he was rejecting this argument, it's clear that the substance of the judge's discussion did just that. Brook-Escalante has a criminal history dating back to 2015. And though he has repeatedly returned to the United States in part to care for his ailing mother, this nonetheless illustrated that he has not learned from his prior deportations. The judge concluded as to his criminal history:

> But the reason you're facing . . . around a two-year sentence in this case is because when you have been here, you've taken advantage of our community by engaging in criminal conduct. . . . And that's why a significant period of incarceration will be required. It's the way we promote respect for the law. It's the way . . . that we deter others from making the same choice that you made.

R.35, Sentencing Transcript, p.16, PageID 138. These statements, among others, show that the judge considered the specific circumstances of Brook-Escalante's past and his specific crimes, and directly tied them to the sentence he imposed.

Rather than illustrate a disregard for Brook-Escalante's arguments, the judge expressly acknowledged mitigating details that weighed in his favor. He even rejected the government's view that there were "absolutely no mitigating factors." Instead, he expressly considered that Brook-Escalante's mother was sick and that he hoped for a better, different future than what he had in Honduras.

At bottom, Brook-Escalante asks us to conduct our own balancing of the evidence, but we have "no warrant to reweigh the § 3553(a) factors ourselves." *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018). Brook-Escalante's arguments do not overcome the presumption of reasonableness in favor of his within-Guidelines sentence. The sentence was thus substantively reasonable.

**III.**

For the foregoing reasons, we AFFIRM.