NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0112n.06

Case No. 25-1358

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 09, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| PHILLIP CLAUDIUS GRAY, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: SUTTON, Chief Judge; GRIFFIN and NALBANDIAN, Circuit Judges.

SUTTON, Chief Judge. Phillip Gray used illegal drugs several times while on supervised release for drug and firearm felonies. After taking into account Gray's psychiatric history, his substance abuse challenges, and other relevant factors, the district court sentenced him to 21 months. Because the court did not commit any procedural error or impose an unreasonably long sentence, we affirm.

I.

Gray attempted to sell cocaine at a Michigan gas station in 2008. Police discovered three loaded guns, digital scales, and $2,400 in cash in his car. After Gray pleaded guilty to possessing cocaine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), and to possessing a firearm as a felon, *see id.* § 922(g)(1), the district court sentenced him to 188 months plus five years of supervised release.

Gray's prison term ended in 2022. Two years into his supervised release, Gray twice tested positive for drugs and admitted that he was using cocaine "daily." R.45 at 2. Gray entered inpatient treatment facilities three times, and three times the facilities kicked him out for unruly behavior and failure to participate in treatment, including "threatening to shoot and kill staff." R.45 at 2–3.

At the probation office's request, the district court issued a summons for Gray. The resulting hearing confirmed the problem. Gray's visibly impaired behavior at the hearing prompted the court to order immediate drug testing, which returned positive results for marijuana and cocaine.

After a delay due to Gray's failure to take prescribed psychiatric medications, the court held another violation hearing at which Gray admitted to using drugs and accepted responsibility for violating his conditions of supervised release. The statutory maximum for Gray's violations was five years, and his sentencing guidelines range was 21 to 27 months. Concerned about Gray's psychiatric history and substance abuse challenges, the court postponed sentencing for three months and committed Gray to an inpatient treatment facility in the hope that treatment would improve his condition.

Once at that facility, though, Gray continued to refuse medications and therapy, behaved "combative[ly]" with staff, and again was asked to leave. R.67 at 11–13. The district court proceeded to sentencing and imposed a 21-month prison sentence. After announcing the sentence, the court asked whether the parties objected, and the prosecution and defense answered that they did not.

II.

On appeal, Gray maintains that the district court erred in the procedures it employed when sentencing him and in the length of the sentence it chose.

*Procedural reasonableness.* As a procedural matter, a district court must calculate the sentencing guidelines range correctly, "treat that range as advisory," and consider the relevant statutory sentencing factors in 18 U.S.C. § 3553(a). *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018); *see Esteras v. United States*, 606 U.S. 185, 192 (2025) (discussing the relevant § 3553(a) factors in the supervised release context). The court may not consider any "impermissible factors" and must "adequately explain why it chose the sentence" it imposed, *Rayyan*, 885 F.3d at 440, which includes "consider[ing] the parties' arguments and offer[ing] a reasoned basis for rejecting them," *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018). Because Gray did not object to the sentence when given a chance, he can prevail only if he shows that the district court plainly erred. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

No error occurred, much less a plain one. The district court considered the advisory guidelines range of 21 to 27 months. It explained that the sentencing factors guided its decision and did not refer to any impermissible factors. And it acknowledged that Gray was "suffering from a number of mental health challenges," including "suicidal ideation" and "some kind of addiction" that "he has not been able" to fix. R.67 at 12.

Gray claims that the court nonetheless failed to adequately explain his sentence and merely acknowledged his mental health history without sufficiently explaining how it affected his sentence. The record belies both assertions. The court explained that the statutory sentencing factors, the loss of trust caused by repeated supervised release violations, Gray's need for custodial

care, and his risk of reoffending drove its sentencing decision. Gray had "not shown sufficient stability in his decision-making" and had demonstrated too great a risk of recidivism to forgo a meaningful prison sentence for his repeated drug offenses while on supervised release. R.67 at 13.

The court also responded to Gray's desire for yet another try at inpatient treatment in lieu of incarceration. The court reiterated that, due to his mental health challenges, it preferred "a disposition that would avoid incarcerating Mr. Gray yet again." R.67 at 12. But with his continued uncooperative and unruly conduct at the treatment facility, that approach "did not turn out as hoped." R.67 at 12. The court thus reasoned that a term of imprisonment was required, "so [] at [the] least he can be monitored and he can avoid hurting himself, hurting others, continuing to re-offend." R.67 at 13. To that end, the court recommended that Gray be assigned to a prison with a medical treatment facility "that can give him as much attention as is possible." R.67 at 14. The court more than adequately "offer[ed] a reasoned basis for rejecting" Gray's request for a sentence that avoided a return to prison. *Pyles*, 904 F.3d at 426. No error occurred.

*Substantive reasonableness.* Gray separately challenges his sentence as substantively unreasonable, what amounts to a claim that his sentence is "too long." *Rayyan*, 885 F.3d at 442. The district court's chosen sentence, which receives "highly deferential" review in light of a trial court's up-front view of each defendant's circumstances, *id.*, benefits from a presumption of reasonableness when it lands within the guidelines range. *Vonner*, 516 F.3d at 389–90.

The court imposed a reasonable sentence. Gray's 21-month sentence fell within—indeed, at the bottom of—the applicable guidelines range. That presumptively reasonable sentence makes sense in light of Gray's significant and ongoing problems with drug abuse, his repeated violations of supervised release conditions, and his threatening behavior towards treatment providers.

Gray insists that the district court gave insufficient weight to his mental health challenges. But the court did consider them, attempted to find a treatment facility that could serve as an alternative to prison, and sentenced him to prison only after Gray failed to comply with the facility's treatment regimen. In view of Gray's repeated use of illegal drugs while on supervised release for a drug distribution felony, we cannot say that Gray's mental health challenges render his 21-month sentence unreasonable. That bottom-of-the-guidelines sentence, to the contrary, reflects the court's consistent concern for Gray's challenges and its efforts to assist him in alleviating them.

We affirm.