NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0230n.06

Case No. 25-1557

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

May 22, 2026

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| WILLIAM DAVID HICKS, JR., | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER, GRIFFIN, and MATHIS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** After William Hicks entered a guilty plea to a charge of felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(8), the district court imposed a 70-month prison sentence based on an advisory Sentencing Guidelines range of 70 to 87 months. Hicks appeals, contending that the sentence is procedurally and substantively unreasonable.

In calculating the advisory guidelines range, the district court added four points to the base offense level, having found by a preponderance of the evidence that Hicks possessed or used the firearm in connection with another felony offense, namely a kidnapping or an assault. U.S.S.G. § 2K2.1(b)(6). Hicks contends that the sentence is procedurally unreasonable because, as he sees it, the enhancement is not supported by a preponderance of the evidence because it is based solely on the district court's crediting the victim's account of events over his version of events.

"We review procedural-reasonableness challenges for abuse of discretion. In doing so, we review a district court's . . . factual findings for clear error." *United States v. Vannelli*, 171 F.4th 912, 917 (6th Cir. 2026) (citations omitted). The district court's assessment of this dispute spans

eight pages of the sentencing-hearing transcript, in which the court listed several fact-based reasons why the victim's version of events was more believable. For example, the victim's statements were largely consistent. She accurately described Hicks's gun and provided investigators with the precise location where Hicks stored it in his apartment. As the transcript shows, after considering the parties' arguments and the evidence presented, the district court made a sound and justified decision. Finding no error in this decision, we conclude that the sentencing calculation is procedurally reasonable.

Next, in selecting Hicks's sentence, the district court heard arguments from counsel, heard from Hicks, and weighed the § 3553(a) factors. The court selected a sentence of 70 months in prison, which was the bottom of the advisory range. Hicks contends that "the district court selected an arbitrary aggregate sentence," did not weigh the § 3553(a) factors in the way that Hicks would have, and imposed a sentence that was substantively unreasonable. Apt. Br. at 20.

"We review the substantive reasonableness of a sentence for an abuse of discretion. And we apply a rebuttable presumption that a within-Guidelines sentence is reasonable." *United States v. Messersmith*, 164 F.4th 523, 528 (6th Cir. 2026) (citation omitted). Hicks wanted the district court, in weighing the § 3553(a) factors, to view him more favorably and reduce his sentence (to below the advisory range) by finding that his alleged head injury, mental impairment, and drug addiction excused his criminal conduct. Hicks "really just disagrees with how the court balanced the section 3553(a) factors and asks us to rebalance them [which] is simply beyond the scope of our appellate review." *United States v. Curtis*, No. 24-1095, 2025 WL 448945, at *9 (6th Cir. Feb. 10, 2025) (quotation marks, editorial marks, and citations omitted); *accord United States v. Drake*, 126 F.4th 1242, 1247 (6th Cir. 2005); *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018).

For the forgoing reasons, we AFFIRM the judgment of the district court.

2